UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
:
CHARLES J. BALL,                                             :    21 Civ. 6159 (LGS) (GS)
:
     Plaintiff,                      :    ORDER
:
  - against -                                        :
:
METRO-NORTH COMMUTER RAILROAD,                              :
:
     Defendant.                      :
:
------------------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

  The Court is in receipt of the letter from Plaintiff's counsel dated August 13, 2024. (Dkt. No. 58). The Court is disappointed, to say the least, with the parties' progress with discovery. The original deadline for fact discovery in this action was April 15, 2022—*over two years ago*. (Dkt. No. 12). Following five prior requests from the parties to extend the discovery deadlines in this action (Dkt. Nos. 11, 17, 20, 36, 45), the Court set the current fact discovery deadline of August 14, 2024 (Dkt. No. 56).

  On the eve of that deadline, the Court received the instant submission from Plaintiff's counsel, Philip J. Dinhofer, requesting a two-month extension of the existing deadlines. Just like two prior extension requests from Mr. Dinhofer (Dkt. Nos. 11 & 45), he seeks an extension now due to asserted health concerns and administrative issues at his office. While the Court has been, and remains, sympathetic to those concerns and granted his prior requests (Dkt. Nos. 12 & 56), Mr. Dinhofer has failed to comply even with his own proposed extended deadlines. *See Shnyra v. State St. Bank & Tr. Co.*, No. 19 Civ. 2420 (GHW), 2020 WL 6892078, at *12 (S.D.N.Y. Nov. 24, 2020). The Court therefore reluctantly grants Mr. Dinhofer's latest request, which Defendant

apparently consents to, but cautions both parties that no further extensions will be granted absent extraordinary circumstances. The Court further warns Mr. Dinhofer that his personal circumstances are unlikely to constitute extraordinary circumstances, given this is the third time the Court has granted an extension for this reason, discovery has been ongoing for over two years, and counsel is obligated to comply with his own proposed deadlines.

If Mr. Dinhofer is concerned that he will be unable to comply with the new deadlines being set today, he must consider whether his professional obligations require him to withdraw from the case. *See* N.Y. R. Pro. Conduct 1.16(b)(2) ("a lawyer shall withdraw from the representation of a client when . . . the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client"); *Castro v. Outdoorsmans Resale, Inc.*, No. 23 Civ. 3516 (JMF), 2024 WL 659943, at *3 (S.D.N.Y. Feb. 16, 2024) ("a lawyer's ethical obligations – to his client and to the Court – do not cease because of health challenges"); *Lawson v. N.Y.C. Bd. of Educ.*, No. 05 Civ. 825 (JSR) (HBP), 2011 WL 873146, at *2 (S.D.N.Y. Mar. 11, 2011) (noting that if plaintiff's counsel had been too ill to respond to motion for five months, "plaintiff's counsel was ethically obligated to withdraw from the case").

The deadlines in this action are hereby extended as follows: all fact discovery shall be completed by October 15, 2024; Plaintiff's expert disclosures are due November 15, 2024; Defendant's expert disclosures are due December 15, 2024; expert replies are due January 15, 2025; expert depositions shall be completed by March 15, 2025; all expert discovery shall be completed by March 15, 2025; and the deadline for pre-motion letters is March 31, 2025.

SO ORDERED.

DATED:   New York, New York
         August 23, 2024

_____
The Honorable Gary Stein
United States Magistrate Judge